```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | HON. JEROME B. SIMANDLE |
| v. | Criminal No. 03-354-JBS-2 |
| REGINALD DAVID LUNDY, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE,** Chief Judge:

   The instant matter is before the Court on the motion of Defendant Reginald David Lundy to dismiss the indictment. This motion was filed twice on the docket and both filings contain identical arguments. [Docket Items 557 and 565.] Defendant Lundy argues that this Court lacked jurisdiction over the indictment in this criminal case because Petitioner contends that 50 U.S.C. § 1601 terminated all federal statutory authority outside of Washington, D.C. or federal property. Since the criminal conduct here occurred in New Jersey, Defendant argues this Court lacked jurisdiction over the indictment. The Court finds as follows:

   1. Defendant was charged along with four other individuals on a 25-Count indictment with conspiracy to produce and pass false and fictitious money orders and with passing false and fictitious money orders. Defendant was found guilty by a jury on multiple counts of the indictment. [Docket Item 289.] Defendant

was ultimately sentenced to 120 months in prison.  [Docket Item 393.]

2.  Defendant has challenged the Court's jurisdiction over this indictment on prior motions.  To the extent the Defendant raises the same jurisdictional arguments that have previously been decided by this Court, the Court will deny it and the Court incorporates the analysis contained in its August 14, 2003 Opinion [Docket Item 99] and its Opinion in Lundy v. Levi, Civ. No. 07-4180, decided on September 22, 2008 [Docket Item 28].

3.  In this motion, Defendant raises an additional argument that 50 U.S.C. § 1601 repealed 18 U.S.C. § 3231 and consequently, Defendant contends that this Court has no jurisdiction over federal crimes that happen outside Washington D.C. or federal property.

4.  50 U.S.C. § 1601 provides:

(a) All powers and authorities possessed by the President, any other officer or employee of the Federal Government, or any executive agency, as defined in section 105 of title 5, United States Code [5 USCS § 105], as a result of the existence of any declaration of national emergency in effect on the date of enactment of this Act [enacted Sept. 14, 1976] are terminated two years from the date of such enactment. Such termination shall not affect--
   (1) any action taken or proceeding pending not finally concluded or determined on such date;
   (2) any action or proceeding based on any act committed prior to such date; or
   (3) any rights or duties that matured or penalties that were incurred prior to such date.

This statute was passed on September 14, 1976.  Defendant

argues this in fact repealed 18 U.S.C. § 3231, which states:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
>
> Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.

The Court finds Defendant's argument without merit and unsupported by case law or statutory authority.

5. 18 U.S.C. § 3231 was passed in 1948 and was not enacted as part of the President's emergency powers. Rather, this was a duly authorized statute passed by the House and the Senate through the legislative process. See SEN. REP. NO. 80-1620 (1948). Contrary to Defendant's argument, 18 U.S.C. § 3231 was not enacted as a result of the existence of any declaration of national emergency. Indeed, this statute was passed in 1948, well after the end of World War II, which Defendant improperly contends was the impetus for passing 18 U.S.C. § 3231. Therefore, 50 U.S.C. § 1601 did not serve to repeal 18 U.S.C. § 3231 and this Court properly exercised jurisdiction over Defendant's indictment.

6. Accordingly, the Defendant's motions to dismiss the indictment [Docket Items 557 and 565] will be denied and the accompanying order will be entered.

| | |
|---|---|
| **June 19, 2013** | _s/ Jerome B. Simandle_ |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |